**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| STEVIE O. ROCHA, | ) | No. CV-08-01407-PHX-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |
| | ) | |

Pending before the Court is the Appeal of Plaintiff Stevie O. Rocha, which challenges the Social Security Administration's decision to deny benefits. (Dkt. # 16.) For the reasons set forth below, the Court vacates that decision and remands for an award of benefits.

## BACKGROUND

On June 21, 2004, Plaintiff applied for disability insurance benefits and supplemental security income, alleging a disability onset date of June 9, 2004. (R. at 576.) Plaintiff's date last insured ("DLI") for disability insurance benefits, and thus the date on or before which he must have been disabled, was December 31, 2008. (R. at 79.) Plaintiff's claim was denied both initially and upon reconsideration. (R. at 566-70; R. at 562-64.) Plaintiff then appealed to an Administrative Law Judge ("ALJ"). (R. at 560.) The ALJ conducted hearings on the matter on March 1, 2007 (R. at 577-92), and September 25, 2007 (R. at 593-606).

In evaluating whether Plaintiff was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[1] (R. at 23-32.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity. (R. at 25.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of arthritis, depression, fibromyalgia, and degenerative joint disease. (*Id.*) At step three, the ALJ determined that none of these impairments, either alone or in combination, met or equaled any of the Social Security Administration's listed impairments. (R. at 26.)

At step four, the ALJ made a determination of Plaintiff's residual functional capacity ("RFC"),[2] concluding that Plaintiff could perform sedentary work. (R. at 26-30.) The ALJ thus determined that Plaintiff did not retain the RFC to perform his past relevant work as a laborer/construction worker. (R. at 30.) The ALJ therefore reached step five, determining

---

[1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental security income benefits). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007) (internal citations and quotations omitted).

[2] RFC is the most a claimant can do despite the limitations caused by his impairments. *See* S.S.R. 96-8p (July 2, 1996).

- 2 -

that Plaintiff could perform a significant number of other jobs in the national economy that met his RFC limitations. (R. at 30-31.) Given this analysis, the ALJ concluded that Plaintiff was not disabled. (R. at 31.)

The Appeals Council declined to review the decision. (R. at 3-5.) Plaintiff filed the complaint underlying this action on July 30, 2008, seeking this Court's review of the ALJ's denial of benefits.[3] (Dkt. # 1.) The case is now fully briefed before this Court. (Dkt. ## 16, 17, 20.)

## DISCUSSION

### I. Standard of Review

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### II. Analysis

Plaintiff argues that the ALJ erred by failing to discuss a pain assessment conducted by Dr. Bhalla, a treating physician, and by rejecting Dr. Bhalla's other assessments of Plaintiff's exertional capacities.[4] (Dkt. # 16 at 17-24.) In this case, Dr. Bhalla completed

---

[3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) (2004) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

[4] Plaintiff also argues that the ALJ erred by relying on the testimony of Dr. Russo, a nonexamining medical consultant, and by rejecting Plaintiff's own subjective complaint testimony. (Dkt. # 16 at 25-32.) Because the Court resolves the matter under Plaintiff's first argument, the Court need not reach these other issues.

- 3 -

1 three different medical source statements. The first, completed on April 11, 2005, is a
2 "Medical Assessment of Ability to Do Work-Related Physical Activities." (R. at 272-74.)
3 It provides that, during an eight-hour workday, Plaintiff can sit for only two hours, stand for
4 one hour, and walk for one hour. (R. at 272.) The opinion goes on to explain that, while
5 Plaintiff can lift and carry up to twenty pounds occasionally, he can never lift or carry any
6 more than that and can never lift or carry any amount of weight on a frequent basis. (R. at
7 272-73.) The opinion also provides that Plaintiff cannot use his hands or his feet for
8 repetitive actions; is unable to squat or crawl; can only occasionally bend, stoop, climb, or
9 reach; and is moderately restricted from exposure to marked changes in temperature and
10 humidity. (R. at 273.)

11 Additionally, on April 26, 2005, Dr. Bhalla completed a "Medical Source Statement
12 of Ability to Do Work-Related Activities (Physical)." (R. at 205-07.) This statement is
13 substantially identical to the first physical assessment in that it evaluates the same types of
14 limitations. (*See id.*) Dr. Bhalla provided that Plaintiff cannot stand and/or walk for more
15 than two hours in an eight-hour workday, can only sit for three hours in an eight-hour
16 workday, and needs to alternate sitting and standing. (R. at 206.) Dr. Bhalla further opined
17 that Plaintiff can only occasionally climb, reach, handle, or grasp, and he can never balance,
18 stoop, kneel, crouch, or crawl. (R. at 207.) Dr. Bhalla also noted that Plaintiff could not
19 work around temperature extremes, chemicals, dust, fumes, or gasses. (*Id.*)

20 Dr. Bhalla also filled out a "Pain Functional Capacity (RFC) Questionnaire" that, like
21 the first physical assessment, was completed on April 11, 2005. (R. at 275-76.) Rather than
22 discuss the degree of physical limitations, this questionnaire focuses on Plaintiff's pain and
23 whether that pain interferes with his ability to complete tasks. (*See id.*) Dr. Bhalla assessed
24 Plaintiff as suffering from "moderately severe" pain; i.e., pain that "seriously affects [the]
25 ability to function." (R. at 275.) Dr. Bhalla noted that Plaintiff's pain results from
26 medically-documented and objective clinical or diagnostic findings and that the pain is
27 precipitated by stress, humidity, and changing weather. (*Id.*) Dr. Bhalla further stated that
28 this pain is "frequently" severe enough to interfere with Plaintiff's attention and

1 concentration and that the pain "often" causes deficiencies in concentration, persistence, or
2 pace causing a failure to complete tasks in a timely manner. (R. at 276.)

3       In the decision order, the ALJ rejected Dr. Bhalla's opinion, but he considered and
4 evaluated only the two physical activities assessments, not the pain assessment. The ALJ
5 described the contents of the April 26 physical activities report, and then stated that "Dr.
6 Bhalla performed essentially the same limitations [sic] in an additional Residual Functional
7 Capacity report." (R. at 28.) Although the ALJ provided a page span that included the pain
8 report when citing to the April 11 physical activities report, only the April 11 physical
9 activities report includes "essentially the same limitations" as the April 26 physical activities
10 report. The April 11 pain questionnaire provides an entirely different assessment, and the
11 ALJ did not discuss that assessment when summarizing and rejecting Dr. Bhalla's opinion.
12 (*See id.*) Thus, the ALJ appears not to have considered or evaluated Dr. Bhalla's pain
13 assessment.[5]

14       The ALJ's failure to consider and evaluate a medical opinion constitutes legal error.
15 Commission regulations state that "[r]egardless of its source, we will evaluate every medical
16 opinion we receive." 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). Indeed, "[t]he
17 adjudicator is required to evaluate all evidence in the case record that may have a bearing on
18 the determination or decision of disability." SSR 96-5p (July 2, 1996); *see also id.* (pointing
19 out that "adjudicators must always carefully consider medical source opinions about any
20 issue" and that "opinions from any medical source . . . must never be ignored"). Because the
21 ALJ did not consider and evaluate Dr. Bhalla's pain assessment, he committed legal error.

22       Moreover, even if the ALJ's opinion could be construed as considering and evaluating
23 the pain assessment, the ALJ still erred in rejecting it. "The medical opinion of a claimant's
24 treating physician is entitled to 'special weight.'" *Rodriguez v. Bowen*, 876 F.2d 759, 761
25 (9th Cir. 1989) (quoting *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)). Indeed, "the

---

27
28     [5]The Court notes that, although this argument is central to Plaintiff's assertion of error, Defendant never discusses the issue in the Answering Brief.

- 5 -

1 opinion of a specialist about medical issues related to his or her area of specialty" is entitled
2 to greater weight than the opinion of a source who is not a specialist, 20 C.F.R. §
3 404.1527(d)(5); 20 C.F.R. § 416.927(d)(5), and in this case, "[r]heumatology is the relevant
4 specialty for fibromyalgia," *Benecke v. Barnhart*, 379 F.3d 587, 594 n.4 (9th Cir. 2004).
5 "Specialized knowledge may be particularly important with respect to a disease such as
6 fibromyalgia that is poorly understood within much of the medical community." *Id.* (citing
7 *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 873 (9th Cir.
8 2004); *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)).

9 If the treating physician's opinion is not contradicted by the opinion of another doctor,
10 it may be rejected only for clear and convincing reasons supported by substantial evidence
11 in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Likewise, the treating
12 physician's ultimate conclusions may only be rejected for clear and convincing reasons
13 supported by substantial evidence. *Id.* If the treating physician's opinion is contradicted by
14 the opinion of another physician, it may be rejected upon specific and legitimate reasons
15 supported by substantial evidence in the record. *Id.* "The ALJ can meet this burden by
16 setting out a detailed and thorough summary of the facts and conflicting clinical evidence,
17 stating his interpretation thereof, and making findings." *Embrey*, 849 F.2d at 421 (quotation
18 omitted).

19 Here, the Court cannot construe the ALJ's discussion of Dr. Bhalla's opinion as
20 "setting out a detailed and thorough summary of the facts and conflicting clinical evidence,
21 stating his interpretation thereof, and making findings." *Id*. The ALJ did not provide any
22 summary of the pain evaluation, much less a "detailed" and "thorough" summary. (*See* R.
23 at 28-29.) Nor did the ALJ interpret or make findings regarding the pain evaluation. (*See*
24 *id.*) Rather, the ALJ's discussion centers on why the medical evidence does not support the
25 physical limitations Dr. Bhalla provided in the two physical assessment reports. (*See id.*
26 ("The claimant had a normal gait, normal range of motion of the spine, no significant
27 tenderness or any tenderness, which would indicate a diagnosis of fibromyalgia, and an EMG
28 was unremarkable.").) The ALJ did not explain, nor is it apparent to the Court, how this

1  evidence informs whether Plaintiff is so distracted by pain that he cannot maintain the
2  concentration, persistence, or pace required for an eight-hour workday.  In fact, the ALJ
3  merely listed a series of factors without providing any accompanying explanation, which the
4  Ninth Circuit has held insufficient to uphold the rejection of physician testimony.  *See*
5  *Embrey*, 849 F.2d at 421 ("To say that medical opinions are not supported by sufficient
6  objective findings or are contrary to the preponderant conclusions mandated by the objective
7  findings does not achieve the level of specificity our prior cases have required, *even when*
8  *the objective factors are listed seriatim*.") (emphasis added).

9        Moreover, even if the ALJ had properly laid out evidence contrary to Dr. Bhalla's
10 opinions, the only part of that evidence that seems to bear on whether Plaintiff's pain affects
11 concentration, persistence, and pace is the ALJ's statement that there was "no significant
12 tenderness or any tenderness, which would indicate a diagnosis of fibromyalgia."  (R. at 29.)
13 However, this statement is curious because the ALJ had already concluded that Plaintiff *does*
14 suffer from fibromyalgia and that the impairment is severe.  (R. at 25.)  Furthermore, as
15 Plaintiff points out, several of Dr. Bhalla's treatment notes do indicate that Plaintiff
16 experienced multiple "triggers/bursa tender areas."  (R. at 210-18.)  The Court therefore
17 could not rely on this statement to support the ALJ's rejection of Dr. Bhalla's opinion.

18       In sum, the ALJ committed legal error in failing to consider and evaluate Dr. Bhalla's
19 pain assessment, and even if the ALJ did consider Dr. Bhalla's pain assessment, he
20 committed legal error in rejecting it.  Therefore, the ALJ's decision must be vacated.

21 **III.    Remedy**

22       Having decided to vacate the ALJ's decision, the Court has the discretion to remand
23 the case either for further proceedings or for an award of benefits.  *See Reddick v. Chater*,
24 157 F.3d 715, 728 (9th Cir. 1998).  The rule in this Circuit is that the Court should:

25       credit[] evidence and remand[] for an award of benefits where
   (1) the ALJ has failed to provide legally sufficient reasons for
26       rejecting [certain] evidence, (2) there are no outstanding issues
   that must be resolved before a determination of disability can be
27       made, and (3) it is clear from the record that the ALJ would be
   required to find the claimant disabled were such evidence
28       credited.

- 7 -

1  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

2       In this case, Plaintiff's attorney questioned the vocational expert about Dr. Bhalla's

3  pain assessment at a hearing before the ALJ:

> Q.   Just on the non-exertional level, Mr. Kelman, if we had a person that you described in your introductory comments that had moderately severe pain defined as pain that seriously effects [sic] ability to function, in this pain frequently, interfered with attention and concentration and this often resulted in failure to complete tasks in a timely manner. [sic] Would you have an opinion as to whether those limitations would effect [sic] the ability to sustain work on a regular and continuing basis, by which I mean eight hours a day, five days a week?
>
> A.   I, I would.
>
> Q.   What would your opinion be?
>
> A.   Well, I think that those numbers typically in those jobs [that Plaintiff could perform] go away with a pain at a moderately severe level if it effects [sic] concentration and production and pace.
>
> Q.   Would that then be true of all jobs?
>
> A.   Yes.
>
> Q.   On a sustained basis?
>
> A.   Yes.

(R. at 604-05.) The vocational expert thus testified that if Dr. Bhalla's pain assessment was credited, Plaintiff would be unable to work in a significant number of other jobs in the national and local economies. It is therefore "clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited," and there remain no "outstanding issues that must be resolved before a determination of disability can be made." *Smolen*, 80 F.3d at 1292. Under these circumstances, the Ninth Circuit has remanded for a computation of benefits, and not for further proceedings. *See Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (crediting testimony as true and remanding for an award of benefits because the ALJ failed to give reasons for discounting the testimony and because the

- 8 -

1 vocational expert offered the uncontradicted opinion that if the testimony were true the
2 claimant would be disabled). This Court will therefore remand for an award of benefits.

## CONCLUSION

The ALJ committed legal error in evaluating and rejecting Dr. Bhalla's pain assessment, and the record establishes that, if the evidence is credited as true, Plaintiff is disabled.

**IT IS THEREFORE ORDERED** that the ALJ's decision is **VACATED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** for a computation of benefits.

**IT IS FURTHER ORDERED** the Clerk of the Court is directed to **TERMINATE** this action.

DATED this 27th day of April, 2009.

_____
G. Murray Snow
United States District Judge